WILSON ET AL. *vs.* BURKS.

Where there is conflicting evidence, and no instructions are asked, the verdict will not be disturbed unless there is a great preponderance of evidence on the side of the party against whom the verdict is rendered.

ERROR to Boone Circuit Court.

Turner *and* Stone, *for Plaintiffs in Error.*

1. It was the duty of the defendant to have made a reasonable effort to find Jennings' property, and he should not have contented himself with going to his house and demanding property. (See 2 Pirtle's Dig., 392; 1 J. J. Marshall's Rep., 551, Bell *vs.* The Commonwealth.) And it is evident, that if he had used reasonable diligence, he would have found Jennings' horses, which, during the spring and summer, according to the testimony of one of the witnesses, ran upon the range only a mile from home.

2. The law, at that time, allowed the heads of families alone to keep a horse. (See Revised Statute of Missouri, p. 255, being the 15th section under the title "Executions.") And as there is no evidence to show that the defendant in the execution was the head of a family, it was the duty of the constable to have levied upon the horse which he saw in Jennings' possession.

3. Admitting that Jennings was entitled to a horse under the law, it was the duty of the constable to have levied upon the horse, and to have caused the same to be appraised by three disinterested householders.— See Acts of 1840, '41, p. 76, title, "Executions."

4. The growing corn was subject to execution, and ought to have been levied upon and sold.— See 1 Johns. Dig., 606, 610, Whipple *vs.* Foot; 2 Johns. Rep.,

418, 422, Hartnell *vs.* Bird; 17 Johns. Rep., 128; 2 J. J. Marshall's Rep., 159, Parkham *vs.* Thompson; 1 Pirtle's Digest, 487, title, "Growing Crops of Corn," &c.   A growing crop is a chattel.   See 2 Tidd's Practice, 917 ; 2 Black. Com.; 2 Johns. Rep., 52, Nobb *vs.* Smith; also 1 Pirtle's Dig., 487.

HAYDEN, *for Defendant in Error.*

1. The constable could not levy upon and sell under execution growing and immature corn, because it is part of the realty, but that even if it could be levied upon, there is no breach of the condition charged in the declaration for not having levied thereon. — See Davis *vs.* Barns, 3 Mo. Reports, 137, 8; 2 Black. Com., ch. 25; 2 *Ibid.*, 407, 8.

2. The proof does not show that the constable knew of any property within his township subject to the execution; nor does the proof show any within the township.

3. The subsequent execution and levy upon property of Jennings is a satisfaction of the debt, and, of course, released the constable.   The last levy made by the constable is still alive and valid, and is a satisfaction of the judgment.

4. That the crop of corn was liable for the rent, and was not sufficient to pay the same, and therefore, if liable to be levied on, the constable exercised a sound discretion in not levying upon and selling the same.— 2 Dana, 207.

5. The defendant in the execution had a right to retain the crop as a part of his provisions by law.—See Digest Mo. Laws, 255.

6. That in this case the Circuit Court found the facts correctly, and did not err in law in refusing to set aside the finding, and in giving judgment for defendant.

TOMPKINS, *Judge, delivered the opinion of the Court.*

This is an action commenced by Nathaniel W. Wilson and Walter W. Wilson, against the defendant, Wesley Burks, before a justice of the peace, on the official bond of Burks, as constable of a township in Boone county.   The justice of the peace rendered a judgment against the plaintiffs, and they appealed to the Circuit Court of Boone county, where the court, neither party requiring a jury, again gave judgment for the defendant.

No instructions were asked, or rather, the Circuit Court was required to declare, or to decide no point of law arising on the evidence given in this case.   In such a case, unless the evidence of the plaintiffs was much stronger than that of the defendant, the verdict and judgment of the court ought to stand.   It is the peculiar province of a jury to weigh the evidence and the credibility of witnesses.   In this case, there was conflicting evidence, and two verdicts were found for the defendant, and no instructions being asked, it is not seen that any rule of law is violated.

Therefore, let it suffice to say, that it is not believed that in this case the evidence of the plaintiffs is so strong as to induce this court to reverse the judgment of the Circuit Court.

The judgment of that court is, then, affirmed.